UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|                           |   |                        |
|---------------------------|---|------------------------|
|                           | : |                        |
| UNITED STATES OF AMERICA  | : | NO. 1:04-CR-00012(1)   |
|                           | : |                        |
|                           | : |                        |
|                           | : |                        |
| v.                        | : | **OPINION AND ORDER**  |
|                           | : |                        |
|                           | : |                        |
| TOMMIE LEE BROWN          | : |                        |
|                           | : |                        |
|                           | : |                        |

This matter is before the Court on Defendant's Motion for nunc pro tunc Amended Judgment or Commitment Order, or Alternatively, Motion for Judicial Recommendation (doc. 63), and the government's Response (doc. 64). For the reasons stated herein, the Court GRANTS Defendant's Motion.

On January 17, 2007, Defendant was sentenced by this Court to serve forty-six months in prison (doc. 60). This sentence was to run concurrently with the forty-one month sentence imposed in the U.S. District Court for the Western District of Tennessee in case 2:03-cr-20476-01 (Id.). The Court later issued an Amended Judgment which only affected the Restitution Order in the judgment (doc. 61). Despite this Court's Order that the two sentences run concurrently, pursuant to 18 U.S.C. § 3585, the Bureau of Prisons aggregated Defendant's sentences for a total, combined sentence of fifty-eight months (doc. 63).

Given this situation, Defendant is now requesting a nunc pro tunc Amended Judgment so that his sentence, as ordered by the

Court, would run both concurrent and coterminus to the sentence imposed in the Western District of Tennessee case (Id.). In the alternative, Defendant requests the Court issue a Judicial Recommendation directed at the Bureau of Prisons, recommending that the Bureau of Prisons nunc pro tunc designate the facilities where Defendant was housed in the Tennessee case as the place of confinement for service of sentence in the instant case, and that the Defendant receive "service of sentence" credits toward the sentence in the instant case from February 13, 2004, through January 1, 2007, and that his release date be adjusted accordingly (Id). The government responded, stating that it does not object to Defendant's motion, but requests that the Restitution Order not be disturbed (doc. 64).

Having reviewed this matter, the Court finds Defendant's requests well-taken. It was the intention of this Court that Defendant be incarcerated for forty-six months, not the fifty-eight months that he now faces. While the Court is aware that the Bureau of Prisons is constrained by 18 U.S.C. § 3585 in computing Defendant's sentence, the outcome of their calculation does not comport with the intention or Order of this Court (doc. 60).

Therefore, the Court GRANTS Defendant's Motion for nunc pro tunc Amended Judgment and Commitment Order. Defendant's Amended Judgment and Commitment Order (doc. 61) shall be amended on page two to read as follows:

-2-

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of FORTY SIX (46) MONTHS, THE TERM TO RUN CONCURRENTLY AND COTERMINUS TO THE SENTENCE IMPOSED IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE (MEMPHIS), CASE NO. 2:03-CR-20476-01.

No other aspect of the Amended Judgment and Commitment Order is changed. Further, if this Order does not enable the Bureau of Prisons to recalculate Defendant's sentence to comply with the Court's Amended Judgment and Commitment Order, the Court ISSUES A JUDICIAL RECOMMENDATION to the Federal Bureau of Prisons that the Bureau of Prisons <u>nunc</u> <u>pro</u> <u>tunc</u> designate the facilities where Defendant was housed in the Tennessee case as the place of confinement for service of sentence in the instant case, and that the Defendant receive "service of sentence" credits toward the sentence in the instant case from February 13, 2004, through January 1, 2007, and that his release date be adjusted accordingly (<u>Id</u>).

        SO ORDERED.

Dated: June 13, 2007        /s/ S. Arthur Spiegel
                            _____

                            S. Arthur Spiegel
                            United States Senior District Judge

-3-